IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STANARD L. PHILLIPS, (TDCJ-CID #1855919) | § § § |
| Plaintiff, | § § |
| vs. | § CIVIL ACTION H-14-0388 |
| STATE OF TEXAS, *et al.*, | § § § |
| Defendants. | § § |

## MEMORANDUM AND OPINION

Stanard L. Phillips, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ), sued in February 2014, alleging an excessive use of force. Phillips, proceeding *pro se* and *in forma pauperis*, sued the United States, the State of Texas, and officials at the Byrd Unit of the TDCJ. Based on the applicable law, Phillips's claims cannot proceed. This case is dismissed for the reasons explained below.

Phillips alleges in his complaint that Assistant Warden Cooke directed five other officers to take Phillips to the ground. Officer Rodrigueze placed Phillips's hands in restraints. Phillips experienced a spasm of pain when that occurred and flinched. He alleges that the officers then kicked and punched him, despite the fact that he had complied with all orders. Phillips alleged that he told the officers he was in pain, but they ignored his pleas for them to be careful.

Phillips was found guilty of a disciplinary violation and punished with the loss of good-time credits. Phillips seeks the restoration of the good-time credits and to vacate his disciplinary conviction.

Under 28 U.S.C. § 1915A, federal courts are authorized to review as soon as practicable a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

To sue for damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). If a judgment in a § 1983 suit in the plaintiff's favor would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* A conviction includes a prison disciplinary conviction that results in a change to the prisoner's sentence, including the loss of good-time credits. *Edwards v. Balisok,* 520 U.S. 641 (1997).

Under *Heck,* Phillips must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged before bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. A favorable judgment on Phillips's claims in this suit would necessarily imply the invalidity of his disciplinary conviction, barring the claims under *Heck.* Phillips does not allege that his disciplinary conviction has been invalidated. Until Phillips receives a ruling declaring his disciplinary conviction invalid, he cannot sue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery. . . .").

Phillips's claims are dismissed without prejudice to them being reasserted if the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

Phillips's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted. The action filed by Stanard L. Phillips (TDCJ-CID Inmate #1855919) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

The TDCJ-CID must continue to deduct twenty percent (20%) of each deposit made to Phillips's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $400.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)   the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

  (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

  (3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

  SIGNED on March 24, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge